DAVIS WRIGHT TREMAINE LLP
James H. Moon (State Bar No. 268215)
  jamesmoon@dwt.com
Daniel H. Leigh (State Bar No. 310673)
  danielleigh@dwt.com
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

DECHERT LLP
Russell P. Cohen (State Bar No. 213105)
  russ.cohen@dechert.com
45 Fremont Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 262-4506
Fax: (415) 262-4555

*Attorneys for Defendant*
*Microsoft Corporation*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE KLEIN,<br><br>         Plaintiff,<br><br>    vs.<br><br>MICROSOFT CORPORATION, and DOES 1 to 50, inclusive,<br><br>         Defendants. | Case No. **'25CV2669 JO   BJW**<br><br>**DEFENDANT MICROSOFT CORPORATION'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 25CU041477C]<br><br>Complaint Filed: August 7, 2025<br>Action Removed: October 7, 2025 |

NOTICE OF REMOVAL

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Microsoft Corporation ("Microsoft") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

### State Court Action

1. On August 7, 2025, Plaintiff Lawrence Klein commenced this action in the Superior Court of the State of California, County of San Diego, captioned *Lawrence Klein v. Microsoft Corporation, and Does 1 to 50, inclusive*, Case No. 25CU041477C (the "State Court Action").[1] A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit 1**. Mr. Klein served the Complaint on Microsoft on September 8, 2025.

2. In July 2015, Microsoft launched its Windows 10 operating system and announced a ten-year lifecycle for the software, explaining that free updates and support for Windows 10 would end in 2025. After the official end of support on October 14, 2025, PCs running Windows 10 will continue to function, but Microsoft recommends users move to Windows 11, which provides, among other things, enhanced security features and built-in antivirus software. Microsoft released Windows 11 in June 2021 and announced the hardware requirements for Windows 11 at that time, years before Microsoft released free generative AI products like Copilot beginning in 2023.

3. Mr. Klein alleges that he currently runs Microsoft's Windows 10 operating system on his Asus and Samsung laptops, and that he is unable to update

---

[1] The Doe Defendants have not been named or served, and therefore are unable to join in this Notice of Removal. "[R]emoval does not require the consent of the unnamed Doe Defendants. Only 'defendants who have been properly served in the action must join a petition for removal.'" *Gamarra v. ADT, LLC*, 2021 WL 223250, at *3 (C.D. Cal. Jan. 21, 2021) (quoting *Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011)).

NOTICE OF REMOVAL

1

these devices to run Windows 11. (Compl. ¶ 64.) He alleges that Microsoft's decision to cease support for Windows 10 devices on October 14, 2025, without providing disclosures to customers of the potential costs or consequences of Microsoft's decision to end support for Windows 10 and purportedly to advance Microsoft's generative AI products, violates California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, *et seq.* (*Id.* ¶¶ 1–2.)

4. Mr. Klein seeks declaratory and injunctive relief, including an order requiring Microsoft: (1) "to continue providing support for Windows 10 without additional charge" to users "until the number of devices running [Windows 10] falls below 10% of Windows users" or to "relax[] the hardware requirements" to allow Windows 10 devices to upgrade to Windows 11 (Compl. at Prayer for Relief (c)); (2) "to provide Extended Security Updates for Windows 10" without charge (*id.* at (d)); (3) to implement "consumer safeguards ensuring businesses and individuals are not pressured into unnecessary upgrades" (*id.* at (e)); and (4) to disclose "the approximate end-of-support date for the Windows operating system purchased with [a] device," that support is only guaranteed for a certain period of time without additional cost, and the consequences of end-of-support for the device. (*Id.* at (f).) Mr. Klein also seeks "attorneys' fees and costs." (*Id.* at (g).)

5. All pleadings, processes, and orders served upon or received by Microsoft in the State Court Action or found on the docket in that action are attached hereto.

    a. The Complaint is attached hereto as **Exhibit 1**;

    b. The Civil Case Cover Sheet is attached hereto as **Exhibit 2**;

    c. The Summons is attached hereto as **Exhibit 3**;

    d. The Notice of Case Assignment and Case Management Conference is attached hereto as **Exhibit 4**;

e. The Notice of E-Filing Requirements and Imaged Documents is attached hereto as **Exhibit 5;**

f. The Alternative Dispute Resolution (ADR) Information is attached hereto as **Exhibit 6;**

g. The Stipulation to Use Alternative Dispute Resolution (ADR) is attached hereto as **Exhibit 7;**

h. The Proof of Service of Summons is attached hereto as **Exhibit 8**; and

i. A copy of the docket in the State Court Action is attached hereto as **Exhibit 9.**

6. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Southern District of California encompasses the location in which the State Court Action is currently pending (i.e., San Diego, California). *See* 28 U.S.C. § 1332(a); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 84(d) (setting the County of San Diego in the Southern District).

## Diversity Jurisdiction, 28 U.S.C. § 1332(a)(1)

7. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

### *The Parties Are Citizens of Different States*

8. An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

9. Mr. Klein is a resident and citizen of California. (*See* Compl. ¶ 7; *id.* at p. 24 (Klein Decl.) ¶ 2.)

10. Microsoft is a Washington corporation with its headquarters and principal place of business in Washington. A corporation is a citizen of every state in which it is incorporated and of the state it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Microsoft is thus a citizen of Washington for purposes of determining diversity.

11. Therefore, complete diversity of citizenship exists between the parties in this case.

### *The Amount in Controversy Exceeds $75,000*

12. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

13. For purposes of removal only, and without conceding Mr. Klein is entitled to any damages, remedies, or penalties whatsoever, the matter in controversy exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (cleaned up).

14. The "costs of complying with an injunction" are considered in calculating the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Here, Mr. Klein asks for an injunction requiring Microsoft to continue to provide support for Windows 10 users without additional charge for an unknown number of years; to provide Extended

1  Security Updates for Windows 10; to implement vague consumer safeguards; and to
2  completely modify its current advertising and labelling regarding the end-of-support
3  date. (Compl. at pp. 22-23.) These measures could require Microsoft to reassign
4  and/or hire additional employees, engage in significant software development and
5  deployment activities related to Windows 10 Extended Security Updates beyond the
6  time period currently planned for Extended Security Updates, and to provide those
7  updates to customers free of charge. Microsoft in no way concedes that such relief
8  is justified or appropriate. The costs to Microsoft of complying with Mr. Klein's
9  requested injunctive relief alone would greatly exceed $75,000.

10       15.   Mr. Klein also seeks attorneys' fees. (Compl. at p. 23.) The amount in
11  controversy properly includes a calculation of present and future attorneys' fees.
12  *See Fritsch*, 899 F.3d at 794 ("[A] court must include future attorneys' fees
13  recoverable by statute or contract when assessing whether the amount-in-
14  controversy requirement is met."). A removing defendant can establish the likely
15  attorneys' fees for purposes of the amount in controversy by identifying cases in
16  which the plaintiff's counsel has requested similar fees. *See Greene v. Harley-
17  Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020). Fees awards in CLRA cases
18  are commonly based on a lodestar amount, which is calculated by multiplying an
19  attorneys' reasonable hourly rate by the number of hours the attorney reasonably
20  expended on the lawsuit. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935,
21  941 (9th Cir. 2011). Mr. Klein's attorneys have sought and were awarded
22  attorneys' fees at an hourly rate between $465 and $595 in 2017. *See Huebner v.
23  Mantech Int'l Corp.*, 2017 WL 11633730, at *7 (C.D. Cal. July 29, 2017); *Rhom v.
24  Thumbtack, Inc.*, 2017 WL 4642409, at *7 (N.D. Cal. Oct. 17, 2017). It is
25  reasonable to assume that Mr. Klein's attorneys will spend in excess of 162 hours in
26  total on this lawsuit, which is the number of hours that would result in a lodestar of
27  $75,000 at the $465 per hour previously claimed by Mr. Klein's attorneys.
28

**Microsoft Satisfies the Requirements of 28 U.S.C. § 1446**

16. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

17. This Notice of Removal has been filed within 30 days of September 8, 2025, the date Mr. Klein served the Complaint on Microsoft. *See* 28 U.S.C. § 1446(b)(2)(B).

18. Concurrently with the filing of this Notice, Microsoft is giving written notice to all adverse parties of the filing of this Notice.

19. A copy of the Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of San Diego. *See* 28 U.S.C. § 1446(d). The removal of this action terminates all proceedings in the Superior Court of the State of California, County of San Diego. *Id.*

20. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Microsoft's right to assert any defenses or objections, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-entitled action is removed from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California.

DATED:  October 7, 2025

DAVIS WRIGHT TREMAINE LLP
James H. Moon
Daniel H. Leigh

DECHERT LLP
Russell P. Cohen

By: _____
James H. Moon

*Attorneys for Defendant*
*Microsoft Corporation*