Anthony J. Orshansky, Cal. Bar No. 199364
anthony@counselonegroup.com
Justin Kachadoorian, Cal. Bar No. 260356
justin@counselonegroup.com
A. Kachadoorian, Cal. Bar. No. 240601
alexandria@counselonegroup.com
COUNSELONE, PC
9465 Wilshire Blvd., Suite 300
Beverly Hills, California 90212
Telephone: (310) 277-9945
Facsimile: (424) 277-3727

Attorneys for Plaintiff LAWRENCE KLEIN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE KLEIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION, and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No. 3:25-cv-02669-JO-BJW<br><br>[Assigned to the Honorable Jinsook Ohta]<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing:<br>Date:  January 29, 2026<br>Time:  9:30 a.m.<br>Ctrm.:  4C |

# TABLE OF CONTENTS

**I. INTRODUCTION** ................................................................................................ 1

**II. BACKGROUND** ................................................................................................ 2

**III. ARGUMENT** .................................................................................................... 2

   A. Standard on Motion to Remand .................................................................... 2

   B. Defendant Fails to Meet Its Burden of Proving the Amount in Controversy by a Preponderance of the Evidence. ................................................................... 3

      1. Defendant May Not Aggregate the Cost of Complying with the Requested Injunctive Relief Across All Consumers to Satisfy the Amount in Controversy. 4

      2. Defendant Fails to Show That the Amount in Controversy Exceeds $75,000. 6

      3. Defendant Fails to Show That Plaintiff's Potentially Recoverable Attorneys' Fees Satisfy the Amount in Controversy ............................................................. 7

   C. The Court Lacks Equitable Jurisdiction over Plaintiff's Claims and Must Remand the Case on This Separate and Distinct Basis. ........................................... 9

   D. Abstention Provides a Separate and Independent Basis to Remand This Action. 11

   E. Plaintiff Is Entitled to Attorneys' Fees for Defendant's Improper Removal ..... 11

**IV. CONCLUSION** ............................................................................................... 12

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abrego Abrego v. Dow Chemical Co.*,
  443 F.3d 676 (9th Cir. 2006) ...................................................................................... 3

*Baldini Real Estate, Inc. v. Cruz*,
  2015 WL 6725079 (N.D. Cal. Oct. 16, 2015) ........................................................... 12

*Bigby v. DS Waters of Am., Inc.*,
  2013 WL 394876 (C.D. Cal. Jan. 30, 2013) ............................................................... 3

*Briest v. Knot Standard LLC*,
  2020 WL 1061792 (C.D. Cal., Mar. 5, 2020) ............................................................. 9

*Clevenger v. Welch Foods Inc.*,
  2023 WL 2390630 (C.D. Cal. Mar. 7, 2023) ........................................................... 10

*Doe v. Aetna, Inc.*,
  2018 WL1614392 (N.D. Cal. 2018) .................................................................. 5, 7, 8

*Dupre v. General Motors*,
  2010 WL 3447082 (C.D. Cal. 2010) .......................................................................... 4

*Enriquez v. Sirius XM Radio, Inc.*,
  2022 WL 4664144 (E.D. Cal. Sept. 30, 2022) ............................................... 4, 5, 6, 7

*Ethridge v. Harbor House Rest.*,
  861 F.2d 1389 (9th Cir. 1988) .................................................................................... 3

*In re Ford Motor Co.*,
  264 F.3d 952 (9th Cir. 2001) ...................................................................................... 5

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) ...................................................................................... 9

*Garcia v. American First Finance, LLC*,
  2023 WL 7116719 (E.D. Cal., Oct. 27, 2023) ........................................................ 1, 5

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ...................................................................................... 3

*Guthrie v. Transamerica Life Ins. Co.*,
    561 F. Supp. 3d 869 (N.D. Cal. 2021)..................................................................10

*Haver v. General Mills, Inc.*,
    2024 WL 4492052 (S.D. Cal., Oct. 11, 2024).......................................................10

*Jack v. Ring LLC*,
    553 F.Supp.3d 711 (N.D. Cal. 2021)......................................................................5

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001)...................................................................................4

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) .............................................................................................11

*McGill v. Citibank, N.A.*,
    2 Cal.5th 945.........................................................................................................10

*Newtok Village v. Patrick*,
    21 F.4th 608 (9th Cir. 2021).................................................................................11

*Pegram v. Jamgotchian*,
    2012 WL 3929789 (D. Nev., Sept. 7, 2012) ..........................................................9

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) .............................................................................................11

*Ruiz v. Bradford Exchange, Ltd.*
    153 F.4th 907 (9th Cir. 2025)...............................................................................10

*Schneider v. Ford Motor Co.*,
    441 F. Supp. 3d 909 (N.D. Cal. 2020)....................................................................7

*Snow v. Ford Motor Co.*,
    561 F.2d 787 (9th Cir. 1977)..................................................................................4

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020)........................................................................... 1, 10

*Soto v. Greif Packaging LLC*,
    2018 WL 1224425 (C.D. Cal., Mar. 8, 2018) ........................................................9

*Trump v. CASA, Inc.*,
    606 U.S. 831 (2025) ......................................................................................... 1, 10

*Urbino v. Orkin Servs. of Cal., Inc.*
    726 F.3d 1118 (9th Cir. 2013)................................................................................4

*Vasserman v. Henry Mayo Newhall Meml. Hosp.*,
   65 F. Supp. 3d 932 (C.D. Cal. 2014) .................................................................. 6

*Velasquez v. Luxottica of America, Inc.*
   2025 WL 562881 (C.D. Cal., Feb. 19, 2025) ..................................................... 11

*Zaback v. Kellogg Sales Co.*,
   2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) .................................................... 10

**Statutes**

15 U.S.C. §§ 1681, *et seq.* (Fair Credit Reporting Act) ........................................... 8

28 U.S.C. § 1332 .................................................................................................. 1, 3

28 U.S.C. § 1447 ..................................................................................................... 11

Cal. Civ. Code §§ 1750, *et seq.* (CLRA) ............................................................. 2, 5

Cal. Code Civ. Proc. § 1021.5 ................................................................................. 7

Cal. Code Civ. Proc. § 1060 .................................................................................... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Federal courts are courts of limited jurisdiction, and any doubt regarding the propriety of federal jurisdiction requires remand. As the removing party, Defendant bears the burden of establishing federal jurisdiction. Defendant fails to do so.

***First***, Defendant does not prove that the amount in controversy meets the minimum requirements for diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant makes only bare conclusory allegations in its notice of removal. But there is no basis in fact for asserting that Plaintiff's claims exceed $75,000. This is an action solely for public injunctive relief. Plaintiff seeks to extend support for Defendant's software and change Defendant's policies and advertising relating to the end of support. This action does not seek any damages or restitution. And the relief this action seeks is prospective, not compensatory. In similar actions for public injunctive relief, district courts in California have routinely granted motions to remand, finding that the cost of such relief cannot be aggregated across all potentially affected persons for purposes of establishing the amount in controversy. The Court should do the same thing here.

***Second***, this Court lacks equitable jurisdiction to decide Plaintiff's claims. The Court cannot award injunctive relief to non-parties in non-class cases, as the Supreme Court made clear in *Trump v. CASA, Inc.*, 606 U.S. 831, 842 (2025). An action for public injunctive relief is a non-class case that primarily seeks relief for parties not before the Court. Moreover, Plaintiff has not alleged that he lacks an adequate remedy at law, a prerequisite for the Court to exercise equitable jurisdiction. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

***Third***, this Court should apply abstention principles to remand this action so that a California state court can decide this local dispute affecting Californians.

Finally, because Defendant has removed this action without a sufficient legal and factual basis and has neglected to adduce any evidence, via declaration,

-1-

documentation, or otherwise, this Court should award Plaintiff attorneys' fees incurred in presenting this Motion.

Accordingly, Plaintiff respectfully requests that this Court remand the case to the Superior Court for the County of San Diego.

## II.  BACKGROUND

Plaintiff alleges claims solely for public injunctive relief arising from Defendant's decision to end support for the Windows 10 operating system. Defendant's decision to prematurely end support for Windows 10 forces consumers to expend substantial sums of money to upgrade their devices or place their data at risk of a cybersecurity incident.  Plaintiff alleges that Defendant is leveraging its operating system monopoly to force consumers to purchase new devices with Windows 11, which includes bundled AI software, thereby gaining an unfair advantage in the generative AI market. Plaintiff seeks public injunctive relief requiring Microsoft to continue Windows 10 support without additional fees until usage falls below a reasonable threshold, or alternatively relax Windows 11 hardware requirements, and mandate clear disclosure of end-of-support dates and consequences at time of purchase.

Plaintiff filed this action in San Diego County Superior Court on August 7, 2025.  Plaintiff alleges claims only for public injunctive relief under California's unfair competition law (UCL), false advertising law (FAL), Consumers Legal Remedies Act (CLRA), as well as a claim for declarative and injunctive relief under Cal. Code Civ. P. § 1060.  On October 7, 2025, Defendant removed this action from state court.

## III.  ARGUMENT

### A. Standard on Motion to Remand

As the party invoking federal jurisdiction, Defendant bears the burden of proving this Court's jurisdiction over the dispute by a preponderance of the evidence, with any doubt over the propriety of removal mandating remand. "Only

state court actions that could originally have been filed in federal court may be removed." *Bigby v. DS Waters of Am., Inc.*, 2013 WL 394876, at *1 (C.D. Cal. Jan. 30, 2013) (citing 28 U.S.C. § 1441(a), and *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (same)).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), and *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Ibid.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

**B. Defendant Fails to Meet Its Burden of Proving the Amount in Controversy by a Preponderance of the Evidence.**

Defendant bases removal on diversity of citizenship and amount in controversy under 28 U.S. Code § 1332(a). Under diversity jurisdiction, federal district courts have subject-matter jurisdiction only where the "amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1).

As the removing party, Defendant has the burden of establishing the propriety of removal by a preponderance of the evidence where the complaint does not specify the amount sought. *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "If it is unclear what amount of damages the plaintiff has sought, … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Plaintiff has no obligation to adduce any evidence

relating to the amount in controversy. *See Dupre v. General Motors*, 2010 WL 3447082, at *4 (C.D. Cal. 2010) ("[T]here are cases … in which the plaintiffs cannot anticipate from the outset the value of their case," and in such cases, "[t]hey are not obligated to overstate their damages to satisfy the defendant's interest in a federal forum, but may plead conservatively to secure a state forum.").

"Conclusory allegations as to the amount in controversy are insufficient." *Enriquez v. Sirius XM Radio, Inc.*, 2022 WL 4664144 (E.D. Cal. Sept. 30, 2022) (quoting *Corral v. Select Portfolio Serv'g, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017)).

### 1. Defendant May Not Aggregate the Cost of Complying with the Requested Injunctive Relief Across All Consumers to Satisfy the Amount in Controversy.

When a complaint seeks injunctive relief aimed at future conduct, the amount in controversy is determined based on the benefit to the named plaintiff, and not on the total cost of compliance to the defendant.

In *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977), the plaintiff requested injunctive relief that would have prevented the defendant from selling its towing package without a wiring kit. The value of the wiring kit was approximately $11 each. The court remanded the action to state court, holding that the cost of providing wiring kits to future customers was $11 per customer and therefore did not meet the $75,000 amount in controversy. The court reasoned, "The right asserted by plaintiffs is the right of individual future consumers to be protected from [defendant's] allegedly deceptive advertising which is said to injure them in the amount of $11.00," an amount below the amount in controversy limit. *Id.* at 790-91. The cost of complying with the injunction as to all future customers was not relevant to this inquiry. *Id.* at 790. *Accord*, *Urbino v. Orkin Servs. of Cal., Inc.* 726 F.3d 1118, 1122 (9th Cir. 2013) (civil penalties claimed for aggrieved employees could not be aggregated for purposes of satisfying the amount in controversy limit); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 859 (9th Cir. 2001) (non-aggregation

rule applies to injunctive-relief claims involving advertising of allegedly ineffective prescription drug).

Further, the fixed administrative costs of complying with the requested injunction cannot be used to satisfy the amount-in-controversy requirement. *In re Ford Motor Co.*, 264 F.3d 952, 959 (9th Cir. 2001) (holding no diversity jurisdiction where plaintiffs sought injunction requiring defendant to reinstate a rebate program for approximately six million consumers with a value of up to $700 in rebates per person for each year over a five-year period).

District courts have explicitly applied this non-aggregation rule to actions for public injunctive relief. In *Enriquez v. Sirius XM Radio, Inc.*, 2022 WL 4664144 (E.D. Cal. Sept. 30, 2022), where the plaintiff sought only public injunctive relief under the UCL and CLRA, the court remanded the action, holding that the cost to the defendant of complying with the injunction could not be aggregated for all customers. *Id.* at *4-5. Rather, the defendant as the removing party must show that the value *to the plaintiff* of the requested injunctive relief would exceed $75,000, which the defendant had not done. *Ibid.* Instead, the evidence showed that the value of the injunction to the plaintiff was only $15 per month, well below the jurisdictional limit. *Ibid.*

So too in *Doe v. Aetna, Inc.*, 2018 WL1614392 (N.D. Cal. 2018), the court remanded an action for public injunctive relief under the UCL, holding that the cost of compliance with the requested injunction could not be aggregated and must be considered solely with regard to the named plaintiff. *Id.* at *6. If the rule were otherwise, then virtually every section 17200 claim between diverse parties, no matter how small the injury to the named plaintiff, would confer federal jurisdiction, an "untenable" result given that section 17200 is not a federal cause of action. *Id.* at *4. *See also Jack v. Ring LLC*, 553 F.Supp.3d 711, 717 (N.D. Cal. 2021) (granting motion to remand and holding that claim for public injunctive relief did not allow defendant to aggregate cost of complying with requested injunctive relief); *Garcia v.*

*American First Finance, LLC*, 2023 WL 7116719, at *2 (E.D. Cal., Oct. 27, 2023) (same).

Here, Defendant's threadbare allegations regarding the amount in controversy (Not. of Removal at ¶ 14) suggest that Defendant is including the total cost of complying with the public injunction—which affects all consumers and indeed the public at large—when estimating the amount in controversy. Defendant cannot rely on such aggregation. Thus, Defendant's removal papers are deficient, and the Court should remand this action.

**2. Defendant Fails to Show That the Amount in Controversy Exceeds $75,000.**

Even if aggregation were permitted (it is not), Defendant still has not carried its burden of proving the amount in controversy. Defendant makes no attempt to quantify the cost of implementing the sought injunctive relief. Rather, Defendant breezily asserts, without substantiation, that "[t]he costs to Microsoft of complying with [Plaintiff's] requested injunctive relief alone would greatly exceed $75,000." (Not. ¶ 14.)

Defendant is surely in possession of information that would allow it to make such calculations with precision, but it fails to do so. *See Vasserman v. Henry Mayo Newhall Meml. Hosp.*, 65 F. Supp. 3d 932, 983 (C.D. Cal. 2014) ("[I]t is proper for district courts to consider which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met."). Nor does Defendant offer any evidence showing the amount in controversy. This lack of evidence is fatal to removal jurisdiction. *See Enriquez*, *supra*, 2022 WL 4664144, at *3 (defendant must prove amount in controversy by preponderance of evidence and noting that "conclusory allegations as to the amount in controversy are insufficient.").

Of course, even if Defendant had provided an actual calculation, the amount could not be aggregated for the purposes of satisfying the jurisdictional limit.

Rather, the total amount would have to be apportioned among all affected persons, and once apportioned, it is unlikely that the amount exceeds $75,000 as to any individual person.

### 3. Defendant Fails to Show That Plaintiff's Potentially Recoverable Attorneys' Fees Satisfy the Amount in Controversy.

The same non-aggregation principle discussed above also applies to the requested attorneys' fees. In other words, in an action for public injunctive relief, the plaintiff is "charged" with only the pro rata portion of the recoverable fees for purposes of amount in controversy.

For example, in *Aetna*, where the plaintiffs sought attorneys' fees under California Code of Civil Procedure §1021.5, the court held that such fees should be treated the same way as injunctive relief when determining the amount in controversy. *Id.* at *7. The defendant estimated that the total attorneys' fees that could be incurred in the action were $169,580 and argued that diversity jurisdiction existed because this amount exceeded the $75,000 limit. *Id.* at *8. The number of persons affected by the injunctive relief was approximately 12,000. *Ibid.* Therefore, the plaintiff's pro rata share of the attorneys' fees would be $14.13 ($169,580 divided by 12,000), well below the jurisdictional threshold. *Ibid. See also Enriquez*, *supra*, 2022 WL 4664144, at *6 (in action for public injunctive relief, "attorneys' fees cannot be aggregated for purposes of the amount in controversy; rather, only [plaintiff's] pro rata share of the fees, i.e. his share of the fees of the California consumers/subscribers who would benefit from the public injunction may be considered.").

Here, Defendant does not present meaningful evidence of Plaintiff's attorneys' fees. In fact, Defendant makes no estimate of the attorneys' fees Plaintiff's counsel has expended or will expend *in this action*. *See Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) ("[B]ecause Defendants fail to provide the Court with specific evidence showing that the attorneys' fees *in*

*this case* are 'more likely than not' to exceed $75,000, attorneys' fees cannot be used to satisfy the amount-in-controversy requirement." (emphasis in original).) Instead, Defendant cites to two prior actions in which Plaintiff's counsel obtained fees exceeding $75,000. (Not. at ¶ 15.) Of course, the gross attorneys' fees recovered or recoverable by Plaintiff does not establish the amount in controversy. Rather, as discussed in *Aetna*, the relevant question is whether the pro rata share of fees would exceed $75,000. Because the sought public injunctive relief will benefit many millions of members of the public, the pro rata share of attorneys' fees would be cents on the dollar.

The Court should also reject Defendant's attorneys' fees analysis because citation to prior court orders relating to the attorneys' fees that Plaintiff's counsel recovered in other actions is inappropriate. Defendant has not laid any foundation for the admission of the prior court orders relating to attorneys' fees. If it had, the Court would see that these prior actions arose in different contexts from the instant case. Neither was an action for public injunctive relief; rather, they were class actions under the Fair Credit Reporting Act. They sought statutory damages in liquidated amounts where the attorneys' fees were a function of the recovery obtained. Here, Plaintiff does not seek damages, restitution, or civil penalties on behalf of affected consumers, only public injunctive relief. The nature of the claims alleged in this action means that many forms of classwide evidence will not need to be developed, nor will Plaintiff's counsel have to file a motion for class certification or motions for settlement approval; therefore, Plaintiff's counsel anticipates these proceedings to be greatly streamlined, resulting in potentially lower fees than in full-blown class-action litigation. Defendant does not account for these differences, which might have a material bearing on the amount of attorneys' fees when determining the amount in controversy.

Defendant also does not justify its assertion that "Mr. Klein's attorneys will spend in excess of 162 hours in total on this lawsuit." (Not. at ¶ 15.) Defendant did

not identify the categories of work likely to go into this case and a reasonable estimate of time counsel might be expected to spend on them, nor does it provide any indication about outcomes that might limit counsel's fees, such as settlement. *See Harville*, *supra*, 2024 WL 4557665, at *4 (remanding even where defendant adduced evidence of attorneys' fees awarded to plaintiff's counsel in prior action involving same statute because defendant "makes no effort to explain how that case is comparable to this one such that the Court can conclude that it is more likely than not that the plaintiff may incur a similar fee award."). This is the sort of conclusory contention that cannot form the basis of removal jurisdiction. *See Jaimes*, *supra*, 2023 WL 6783774, at *4 (remanding where defendant's estimate of attorneys' fees was too speculative).

Thus, Defendant has not, as required, proved by a preponderance of the evidence that attorneys' fees will exceed the jurisdictional limit. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that proof of attorneys' fees must be made with "summary-judgment-type evidence."); *Briest v. Knot Standard LLC*, 2020 WL 1061792, at *4 (C.D. Cal., Mar. 5, 2020) (not including attorneys' fees in amount in controversy where estimate not supported by evidence); *Pegram v. Jamgotchian*, 2012 WL 3929789, at *7 (D. Nev., Sept. 7, 2012) (refusing to include attorneys' fees in amount in controversy calculation where defendant "presents only conclusory and speculative statements as evidence"); *Soto v. Greif Packaging LLC*, 2018 WL 1224425, at *6 (C.D. Cal., Mar. 8, 2018) (holding that defendant did not meet burden of proving diversity where they did not adduce evidence of attorneys' fees necessary to push amount in controversy above jurisdictional limit).

### C. The Court Lacks Equitable Jurisdiction over Plaintiff's Claims and Must Remand the Case on This Separate and Distinct Basis.

This Court lacks equitable jurisdiction over Plaintiff's claim for public injunctive relief and should remand the action. The Supreme Court recently

observed in *Trump v. CASA, Inc.*, 606 U.S. 831, 842 (2025) that federal courts lack equitable jurisdiction to grant injunctive relief beyond the parties before the court in non-class cases.  An action for public injunctive relief primarily seeks to provide injunctive relief to parties who are not before the court.  *McGill v. Citibank, N.A.*, 2 Cal.5th 945, 959.  Public injunctive relief has "the primary purpose and effect … to prohibit and enjoin conduct that is injurious to the general public" and affects the named plaintiff only incidentally.  *Ibid.*  In fact, the California Supreme Court noted that "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff … does not constitute public injunctive relief."  *Id.* at 955.

The Court also lacks equitable jurisdiction over the alleged claims for the simple reason that the Plaintiff has not alleged that he lacks an adequate remedy at law.  In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit held that federal courts sitting in diversity lack equitable jurisdiction to award restitution under the UCL, unless the plaintiff establishes that they have no adequate remedy at law.  *Id.* at 971 F.3d 834, 844 (9th Cir. 2020).  *See also Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (dismissing a UCL claim for injunctive relief because the plaintiff had failed to allege that there was no adequate remedy at law).  "Numerous courts applying *Sonner* have been clear:  a plaintiff must (at least) plead that they lack adequate remedies at law if they seek equitable relief."  *Haver v. General Mills, Inc.*, 2024 WL 4492052, at *3 (S.D. Cal., Oct. 11, 2024).

Where a federal district court lacks equitable jurisdiction, it should remand the action to state court.  *See Ruiz v. Bradford Exchange, Ltd.*, 153 F.4th 907, 913 (9th Cir. 2025); *see also Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021); *Clevenger v. Welch Foods Inc.*, 2023 WL 2390630, at *3 (C.D. Cal. Mar. 7, 2023).

Here, Plaintiff has not alleged that there is no adequate remedy at law.  In fact, although Plaintiff could have sought damages, he has explicitly not done so.  Plaintiff is the "master of his complaint" and chose not to pursue a damages remedy.

-10-

MPA ISO PLAINTIFF'S MOTION TO REMAND
CASE NO. 3:25-cv-02669-JO-BJW

*See Newtok Village v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021). Because Plaintiff has not pled that he lacks an adequate remedy at law, this Court does not have equitable jurisdiction over this action, which must be remanded.

### D. Abstention Provides a Separate and Independent Basis to Remand This Action.

Separate and apart from subject matter jurisdiction and equitable jurisdiction, the Court should also remand this action based on abstention principles. A federal district court sitting in equity may decline jurisdiction of a matter presenting solely a local concern. "[I]t has long been established that a federal court has the authority to decline to exercise its jurisdiction when it is asked to employ its historic powers as a court of equity[.]" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996).

Recently in *Velasquez v. Luxottica of America, Inc.* 2025 WL 562881, at *1 (C.D. Cal., Feb. 19, 2025), the court applied abstention to claims for public injunctive relief under the UCL and FAL, claims that Plaintiff alleges here. *Id.* at *2 (citing "a slew of cases remanding similar claims on similar bases").

Here, Plaintiff is an individual consumer who seeks equitable relief against Defendant based on California statutes. Plaintiff seeks no damages or restitution on behalf of himself or anyone else, let alone an amount in excess of the jurisdictional limits of this Court. The Court should remand the action to allow a state court to interpret California laws and craft appropriate injunctive relief. Thus, abstention provides an additional and compelling reason for the Court to remand this action to state court.

### E. Plaintiff Is Entitled to Attorneys' Fees for Defendant's Improper Removal.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Awarding attorneys' fees is appropriate where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin*

-11-
MPA ISO PLAINTIFF'S MOTION TO REMAND
CASE NO. 3:25-cv-02669-JO-BJW

*Capital Corp.*, 546 U.S. 132, 141 (2005). "An award of attorneys' fees may be appropriate where removal has been 'sought for the purpose of prolonging litigation and imposing costs on the opposing party,' and 'the standard for awarding fees should turn on the reasonableness of the removal.'" *Baldini Real Estate, Inc. v. Cruz*, 2015 WL 6725079, at *3 (N.D. Cal. Oct. 16, 2015), *report and recommendation adopted*, 2015 WL 6692272 (N.D. Cal. Nov. 3, 2015) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005)).

Defendant's removal was improper. Defendant's removal is completely unsupported by evidence of the amount in controversy. Moreover, the binding caselaw on point establishes that the value of the requested public injunctive relief cannot be aggregated for purposes of determining the amount in controversy. Nor does this Court have equitable jurisdiction. The legal principles and caselaw cited throughout this brief were well-known before Defendant improvidently removed this case, and it should be liable for the waste occasioned by that decision. Consequently, Plaintiff respectfully requests that the Court award Plaintiff attorneys' fees for improper removal.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and remand this action to the San Diego County Superior Court.

DATED: October 27, 2025                         Respectfully submitted,

                                                COUNSELONE, PC


                                                By: */s/ Justin Kachadoorian*
                                                    Anthony J. Orshansky
                                                    Alexandria R. Kachadoorian
                                                    Justin Kachadoorian

                                                *Attorneys for Plaintiff Lawrence Klein*

# CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 27, 2025.

By: */s/ Justin Kachadoorian*
     Justin Kachadoorian